In re the MARRIAGE OF Charla J. LAMBERT and Larry N. Lambert, Upon the Petition of Charla J. Lambert, Petitioner–Appellee,

And Concerning Larry N. Lambert, Respondent–Appellant.

No. 86–1780.

Court of Appeals of Iowa.

May 31, 1988.

Roger J. Kuhle, Des Moines, for respondent-appellant.

Clark L. Holmes of Piazza, Holmes & Beery, Des Moines, for petitioner-appellee.

Heard by SCHLEGEL, P.J., and SACKETT and HABHAB, JJ.

SCHLEGEL, Presiding Judge.

This action for dissolution of marriage has become a bitter custody dispute, in which the real loser is the child involved. The case is nearly a textbook example of what occurs when a child is neglected by parents whose interests are given priority over the needs of their children. The difficult decision in this case is not which parent should have physical custody of Lincoln, the seventeen-year-old child, but why either parent should have a superior claim to physical custody.

At the outset of this action, Charla Lambert, the petitioner, and Larry Lambert, the respondent, demonstrated an ability to cooperate in the termination of their marriage and the custody and care of their remaining minor child, Lincoln. By stipulation, they recognized the desire of Lincoln to remain with his father, and to continue to live in the family home. Shortly before the trial in this matter, however, Charla changed lawyers and repudiated the stipulation. She then sought physical custody of Lincoln. At that point, the case became a full-blown trial for custody.

■ Charla's reasons for seeking a change of physical custody of Lincoln are that his grades at school are falling and he is not receiving adequate discipline. The district court found that Lincoln would receive more discipline in the home of his mother than in the home of his father.

Our review of this equitable action is de novo. Iowa R.App.P. 4. We give weight to the trial court's findings of fact, especially when the credibility of the witnesses is involved, but we are not bound by them. Iowa R.App.P. 14(f)(7). In child custody cases, the first and governing consideration is the best interest of the child. Iowa R.App.P. 14(f)(15). We must determine which parent can minister more effectively to the long-term interests of the child. *In re Marriage of Welbes*, 327 N.W.2d 756, 758 (Iowa 1982).

The record in this case does not support a finding that Lincoln will be better off in the home of his mother. Her testimony does not indicate that she either has, or possesses the ability to discipline Lincoln more adequately than Larry can. It is clear from the record that Lincoln prefers to live with his father, whether his father lives in the family home or not. At this point in the proceedings Lincoln feels free to be at either his mother's home or the home of his father. To require Lincoln to live with his mother, at this time, creates a rebellious situation that will be difficult for either parent to deal with.

Unfortunately, the record does not show that either parent can effectively discipline this child, cause him to keep proper hours, make sufficient efforts to carry out his school work, or follow the instructions of either parent. At age seventeen, it is not likely that the process that has prevailed for several years can be changed by either parent. The child has been allowed to drift, while his parents have followed other pursuits. This has caused him to be rebellious and independent, and has caused him to become involved in things that will cause him difficulty for years to come. These parents need to exert every effort to work together to improve the outlook for Lincoln. The decree of the district court is modified to change physical custody to Larry, and to continue the joint custody in both parents.

■ The district court awarded the right to live in the family home to Charla, and she has moved into it, together with her new husband. Larry moved into rented quarters, and Lincoln went with him. It is obvious that the retention of the family home is burdensome to Larry because of the payments that he is required to make on the house, and is a matter of contention that needs to be disposed of. Accordingly, the family home shall be immediately listed for sale and shall be sold forthwith. Upon the sale of the same, after the payment of the expenses of sale and the balance of any mortgage indebtedness, the proceeds shall be divided equally between Charla and Larry. Until the completion of the sale, the payments upon the mortgage indebtedness on the house shall be paid one-half by each of the parties.

No child support shall be awarded at this time, but Charla shall continue the medical insurance coverage upon Lincoln as the same is provided under medical insurance provided by her employer. Payment of the expenses of Lincoln's post-high school education shall be considered by the court upon a showing that Lincoln is pursuing further education after his graduation from high school.

In the event Lincoln shall be determined to be in need of treatment for any alcohol or drug-related addiction or abuse, both parents shall cooperate fully in such a program of treatment, and shall not resist the implementation of such treatment.

Each of the parties shall pay his or her own attorney fees for both the trial in district court and upon this appeal. The costs of this appeal shall be taxed one-half to each of the parties.

AFFIRMED AS MODIFIED.

SACKETT, J., concurs.

HABHAB, J., concurs in part and dissents in part.

HABHAB, Judge, concurring in part and dissenting in part.

I concur with the majority in all respects except that I would, as the trial court ordered, vest custody of Lincoln with his mother. As the majority ably points out, this case is an example of the devastating effects which occur when parents are un-

willing to cooperate in making significant and material decisions that have a direct effect on the well being of their children. The harm done may not be able to be corrected, but I believe, as the trial court found, that Lincoln would receive greater and more meaningful discipline in the home of his mother.